IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AARON TIMMENS,<br><br>                    Plaintiff,<br><br>vs.<br><br>SCOTT R. FRAKES,<br><br>                    Defendant. | **8:19CV222**<br><br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff is an inmate at the Nebraska State Penitentiary. The court has granted Plaintiff permission to proceed in forma pauperis (Filing 8), and the court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.  SUMMARY OF COMPLAINT

Presumably under 42 U.S.C. § 1983, Plaintiff requests injunctive relief to prevent Scott R. Frakes, Director of the Nebraska Department of Correctional Services ("NDCS"), from violating Plaintiff's First Amendment rights sometime in the future.[1] (Filing 1 at CM/ECF pp. 3, 4 ("This petition is a preventative measure."), 8 ("I am making this request as a preventative measure . . . .").) Plaintiff complains that inmates[2] are asked to comply with "programming recommendations" that

---

[1] The Eleventh Amendment does not bar suits against state officials seeking only prospective injunctive relief to end continuing violations of federal law. *Ex parte Young*, 209 U.S. 123 (1908).

[2] Because "[a] prisoner cannot bring claims on behalf of other prisoners," *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985), I shall construe Plaintiff's Complaint as seeking relief only on his own behalf despite his repeated references to other inmates.

conflict with their "moral or ethical belief system" in order to be considered for early release by the State of Nebraska Board of Parole. (*Id.* at p. 8.) Specifically, Plaintiff alleges:

> The NDCS makes recommendations to inmates that they should participate in various programs that, by their own admission, follow guidelines that would subject an inmate to a new moral or ethical code. For example, in an NDCS memo sent on 2/20/2019 to all NDCS inmates from Matthew Heckman, Deputy Warden of Programs, the Residential Treatment Community program, or RTC, was described as being "dually focused on a twelve-step based substance use education, recovery, and relapse prevention treatment in conjunction with an additional emphasis on criminal thinking/choices/behavior patterns. The approach is evidenced-based, holistic and includes a variety of disciplines to assist inmates with issues of substance use, criminal thinking/behavior/choices, anger, stress, violence, lifestyle (work, leisure and health), and spirituality."

> These programs promote belief systems that are not consistent with the beliefs of a vast number of inmates. The Nebraska Board of Parole, through policy and/or discretion, then discriminates between those who submit to the recommended state-sponsored religious indoctrination and those who wish to maintain their current beliefs, thus depriving the latter of equal opportunity under the law for early release through coercive policy and religious discrimination.

(Filing 1 at CM/ECF pp. 5-6.)

Plaintiff claims that "being coerced into religious indoctrination programming or to be discriminated against based upon my moral or ethical code when denied equal opportunity under the law for early release" constitutes "irreparable injury." (Filing 1 at CM/ECF p. 7.) For relief, Plaintiff requests that "the court issue an order

requiring the Nebraska Department of Correctional Services to remove all programming recommendations from my file and/or whatever else may be necessary to prevent the Nebraska Board of Parole from discriminating based upon my submission to a moral or ethical belief system sponsored by the state." (Filing 1 at CM/ECF p. 8.)

According to the Nebraska Department of Correctional Services Inmate Locator, Plaintiff's sentence for first-degree sexual assault of a child began on September 21, 2018, and he is eligible for parole on March 10, 2021.

## II.  LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint

must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Liberally construed, Plaintiff's Complaint purports to allege that the NDCS Director[3] violated the Establishment Clause of the First Amendment by requiring Plaintiff, in order to be granted parole, to participate in programming containing religious elements that are contrary to his beliefs. As a general matter, such a claim may be brought under section 1983. *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (plaintiff "has pled facts sufficient to state a claim that a parole stipulation requiring him to attend and complete a substance abuse program with religious content in order to be eligible for early parole violates the Establishment Clause of the First Amendment"; facts that plaintiff was not guaranteed parole if he completed the program and that board of parole had discretion in deciding whether to grant parole did "not shield the defendants from potential liability for implementing a program that is alleged to violate the First Amendment"); *Munson v. Norris*, 435 F.3d 877 (8th Cir. 2006) (prisoner's First Amendment claim that he must complete sex-offenders' class requiring him to recite prayers in order to receive parole should be analyzed under Establishment Clause).

However, here Plaintiff specifically states that he filed his Complaint as "a preventative measure" (Filing 1 at CM/ECF p. 4), which raises the issue of whether this matter is ripe for adjudication. "The touchstone of a ripeness inquiry is whether

---

[3] While Defendant Frakes, the Director of the Nebraska Department of Correctional Services, has no "authority, power, or responsibility over the Board of Parole," Neb. Rev. Stat. § 83-188 (Westlaw 2020), he is charged with "establish[ing] appropriate programs for each facility designed as far as practical to prepare and assist each person committed to the department to assume his or her responsibilities as a useful citizen." Neb. Rev. Stat. § 83-182 (Westlaw 2020).

the harm asserted has matured enough to warrant judicial intervention. A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Parrish v. Dayton*, 761 F.3d 873, 875-76 (8th Cir. 2014) (internal quotation marks and citation omitted). However, "[t]he plaintiffs need not await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending, that is enough." *Id.* at 876 (internal quotation marks and citations omitted).

Plaintiff has failed to allege facts indicating when he is eligible for parole; whether he is required to engage in certain programming to be eligible for parole; the name of the required program at issue; the religious elements of the program he finds objectionable; and that he will necessarily be denied parole if he does not complete the program such that the "threatened injury" is "certainly impending," *Id.* at 876. In the absence of such allegations, the court is unable to determine whether this matter is ripe for review.

Accordingly, the court shall grant Plaintiff leave to file an amended complaint to allege facts showing that this matter is ripe for adjudication. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings. Plaintiff is encouraged to use the court-approved form to draft his amended complaint, which the Clerk of the Court will provide to him. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A after he addresses the matters set forth in this Memorandum and Order.

IT IS ORDERED:

1.     Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint in accordance with this Memorandum and

Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2.    In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of his Complaint and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3.    The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

4.    The Clerk of Court is directed to set a pro se case management deadline using the following text: May 18, 2020: amended complaint due.

5.    The Clerk of Court is directed to send to Plaintiff a blank civil complaint form for violation of civil rights (prisoner).

Dated this 16th day of April, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge